CUYAHOGA COUNTY BAR ASSOCIATION *v.* LEVEY.

[Cite as *Cuyahoga Cty. Bar Assn. v. Levey* (2000), 88 Ohio St.3d 146.]

(No. 99–403—Submitted August 25, 1999—Decided February 23, 2000.)

Michael E. Murman, for relator.

Charles W. Kettlewell, for respondent.

***Per Curiam.*** We have carefully reviewed the record in this matter and find that it does not support many of the findings of the panel that were adopted by the board.

We find no clear and convincing evidence that respondent continued to negotiate for the Shandors after he was discharged, or that after being discharged respondent refused to turn over the Shandors' file until his expenses and a fee were paid, or that respondent engaged in intimidating conduct toward the Shandors. Therefore, we do not adopt the findings and conclusions of the board on those matters.

Nor do we concur with the panel's and board's findings that respondent offered "no data, or method to substantiate the truthfulness" of his advertising claims. The record indicates that respondent was never asked about the specific claims which were part of the panel's and board's findings. We therefore reject the board's finding that respondent violated DR 2–102(A)(4).

In the Maruschke matter, the panel and board should not have made findings and conclusions about respondent's failure to advise Maruschke about the potential conflict with Sajka. During the panel hearing counsel for relator requested that that count be dismissed, and no evidence at all was introduced on it. We further find that respondent's letter to Maruschke after she discharged him does not appear to have been written as a matter of continued employment, nor does the letter contain legal advice. Therefore, we also do not adopt the conclusions of the board that respondent violated DR 2–110(B)(4) and 7–104(A)(2).

We do not find clear and convincing evidence that respondent's lawsuits against Jernigan or Ruppel prejudiced those clients and we therefore do not adopt the board's conclusion that respondent's conduct with respect to Jernigan and Ruppel violated DR 2–110(A)(2).

The panel and board made findings with respect to fee agreements in the Shandor, Maruschke, and Jernigan matters. They concluded that because respondent's contingent-fee agreement with the Shandors provided for an hourly charge if he was discharged *"whether or not, a successful completion"* occurred (emphasis *sic*), respondent violated DR 2–106(A). It also found that the execution of a similar fee agreement in the Jernigan matter violated DR 2–106(A). The board relied on our holding in *Reid, Johnson, Downes, Andrachik & Webster v. Lansberry* (1994), 68 Ohio St.3d 570, 629 N.E.2d 431, that when an attorney employed pursuant to a contingent fee is discharged, the attorney's fee recovery is on the basis of quantum meruit and arises upon the successful occurrence of the contingency. The board said, "In the instant case, Respondent's fee agreement called for reimbursement [*sic* ] of a sum certain, *whether or not successful completion*" occurred (emphasis *sic* ).

We agree with the conclusion of the panel and the board that the Shandor and Jernigan fee agreements violated DR 2–106(A). Both contingent-fee agreements provided for payment of an hourly rate if the respondent was discharged, and both were executed after our 1994 *Reid* decision, one in 1995 and the other in

1996. However, we note that respondent claimed that he adopted the fee agreement as a result of reading treatises and attending seminars, that he did not enforce the liquidated damage provision unless there was some recovery by the client, and that he changed his contract as soon as he was informed that it violated the Disciplinary Rule.

We note that respondent's fee agreement with Maruschke was executed in 1990, several years before our *Reid* decision and at a time when legal commentators may not have condemned such contracts. Since the relator presented no evidence that respondent's fee agreement with Maruschke was otherwise excessive or unreasonable, we do not find that it violated the Disciplinary Rules. Only one item of work appears on respondent's time sheets after the date he was discharged by Maruschke, and that was a letter to the insurance company asserting his lien. Respondent said that if he charged Maruschke for this letter, it was in error. We regard the matter as *de minimus* and find no clear and convincing violation of the Disciplinary Rules.

Given the circumstances of this case, we adopt the findings and conclusions of the panel and board with respect only to respondent's contingent-fee contracts with the Shandors and Jernigan. Respondent is hereby suspended from the practice of law for six months with the entire six months stayed. Costs are taxed to respondent.

*Judgment accordingly.*


MOYER, C.J., DOUGLAS, RESNICK, PFEIFER and LUNDBERG STRATTON, JJ., concur.

F.E. SWEENEY, J., dissents and would publicly reprimand respondent.

COOK, J., dissents.

---

COOK, J., dissenting. I concur with the findings of the panel and with its recommended sanction of a six-month suspension.